UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMES GRACIEN** | * | CIVIL ACTION NO. |
| | * | |
| **VERSUS** | * | SECTION |
| | * | |
| **SEACOR MARINE LLC;** | * | JUDGE |
| **FALCON GLOBAL OFFSHORE II** | * | |
| **LLC; AND TALOS ENERGY LLC** | * | MAGISTRATE |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT FOR DAMAGES

**TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:**

The Complaint for Damages of James Gracien, a person of majority age and a citizen of the United States domiciled in Vestavia Hills, Alabama, with respect represents:

1.

Made Defendants herein are:

(1) Seacor Marine LLC, a foreign limited liability company authorized to do and doing business in the State of Louisiana and this judicial district at all material times;

(2) Falcon Global Offshore II LLC, a foreign limited liability company authorized to and doing business in the State of Louisiana and this judicial district at all material times; and

(3) Talos Energy LLC, a foreign limited liability company authorized to and doing business in the State of Louisiana and this judicial district at all material times.

## FOR A FIRST CAUSE OF ACTION

2.

At all material times, including on or about April 13, 2021, Plaintiff, James Gracien, was employed by Seacor Marine LLC (hereinafter "Seacor Marine") as a Mate within the intendment of the Jones Act, 46 U.S.C. § 30104, *et. seq.*, for which job he earned approximately $611.00 per day, plus found and fringe benefits.

3.

On or about April 13, 2021, Seacor Marine assigned Plaintiff to work aboard the L/B SEACOR POWER, a lift boat in navigation owned and/or operated by Seacor Marine and/or co-defendant Falcon Global Offshore II LLC (hereinafter "Falcon") at all material times.

4.

At all material times, the SEACOR POWER was operating under a time charter agreement by and between Seacor Marine and/or Falcon as owners, and Talos Energy LLC (hereinafter "Talos") as time charterer.

5.

At all material times, Talos owned, operated and controlled all work on a stationary production platform located in the Gulf of Mexico.

6.

On or about April 13, 2021, the SEACOR POWER was in Port Fourchon, Louisiana for service, inspections and to take on supplies, equipment, and personnel for delivery to the Talos platform and use aboard said platform.

7.

On April 13, 2021, a strong weather front was moving into the area and weather

conditions in the Gulf of Mexico were deteriorating in the voyage path of the SEACOR POWER.

8.

Despite the strong weather front and dangerous weather conditions in the Gulf of Mexico, the SEACOR POWER, at the direction and control of Defendant owners Seacor Marine and/or Falcon and time charterer Talos, left Port Fourchon, Louisiana at approximately 1:30 p.m., endangering the lives of all persons onboard the vessel.

9.

At the time the SEACOR POWER departed Port Fourchon, Louisiana, the National Weather Service had already issued a series of marine warnings for locations in southeast Louisiana, including Port Fourchon.  Defendants knowingly failed to properly communicate these warnings to the crew of the SEACOR POWER, and instead ordered the SEACOR POWER to leave Port Fourchon on the ill-fated voyage to the Talos platform in the Gulf of Mexico.

10.

As weather conditions continued to predictably and foreseeably deteriorate, with winds quickly increasing and seas becoming rougher, and despite heroic efforts of her captain and crew, the SEACOR POWER took on water on her starboard side and ultimately capsized at or around 4:30 p.m. on April 13, 2021.

11.

After being slammed into an interior vessel wall while the vessel took on water and breaking a window with a fire extinguisher, Plaintiff James Gracien escaped from his living quarters aboard the capsized vessel.  He was washed into the Gulf of Mexico and drifted in rough and frigid waters for approximately three hours, during which time he became hypothermic, and

his kidneys nearly shut down as his body systems fought to stay alive in the harrowing and life-threatening conditions.

12.

Plaintiff was fortuitously rescued by a passing vessel and transported to Terrebonne General Medical Center where he was admitted for five days to receive care and treatment.

13.

As a result of the incident described herein, through no fault of his own, Plaintiff suffered severe and permanently disabling injuries to his overall body, including but not limited to his internal organs, cervical and lumbar spines and connective nerves, muscles, and tissue, and psyche, for which injuries Plaintiff has sought and continues to require medical care and treatment, which includes surgical intervention.

14.

The incident described herein and resulting severe and permanently disabling injuries to Plaintiff were proximately caused by the negligence and fault of Defendants in the following non-exclusive particulars, each within the privity and knowledge of Defendants:

    a. Failing to use reasonable care under the circumstances;

    b. Failing to adequately address the deteriorating and dangerous weather conditions in the area prior to instructing the SEACOR POWER to leave port;

    c. Failing to follow the weather advisories and marine bulletins issued by the National Weather Service prior to instructing the SEACOR POWER to leave port;

    d. Failing to provide proper and adequate equipment and information to the crew of the SEACOR POWER to properly perform their duties and/or properly navigate the vessel during the deteriorating weather conditions;

e. Failing to maintain the vessel and its appurtenances and/or equipment in a safe and reasonable state of repair;

f. Failing to take reasonable precautions for the safety of all aboard the SEACOR POWER;

g. Failing to adequately inspect and repair the SEACOR POWER before the final voyage despite knowledge of damage to the vessel sustained during the previous voyage;

h. Failing to perform adequate safety meetings and analyses to identify and minimize the unreasonable risk of harm to all aboard the SEACOR POWER;

i. Failing to provide Plaintiff with a reasonably safe and non-hazardous workplace;

j. Failing to properly assess the weather conditions prior to dispatching the SEACOR POWER from port;

k. Failing to have an emergency rescue plan and/or adequate rescue appurtenances;

l. Failing to adopt practices, policies, and procedures designed specifically to prevent the injuries and damages sustained by Plaintiff and all others aboard the SEACOR POWER; and

m. Other negligent acts and/or omissions to be shown at the trial of this action.

15.

The incident described herein and resulting severe and permanently disabling injuries to Plaintiff were proximately caused by the unseaworthiness of the SEACOR POWER when she departed from Port Fourchon on April 13, 2021, in the following non-exclusive particulars, each within the privity and knowledge of Defendants:

a. The vessel and all of its equipment and/or appurtenances were not safe for the

      performance of the operations in question;

b. The vessel and all of its equipment and/or appurtenances were not reasonably fit for its intended purpose;

c. The vessel and all of its equipment and/or appurtenances were inadequately maintained;

d. The vessel failed to have adequate life-saving equipment and/or appurtenances; and

e. Other unseaworthy conditions to be determined at a trial of this action.

16.

As a consequence of the events and occurrences described herein and the resulting severe, painful, permanent and disabling injuries, Plaintiff, James Gracien, is entitled to damages for past, present and future physical and emotional pain and suffering, permanent physical and mental disability, past and future medical expenses, loss of wages and wage earning capacity, and lost found and fringe benefits in an amount to be determined in this cause.

17.

Jurisdiction over this cause of action against Defendants Seacor Marine, Falcon, and/or Talos is based upon the Jones Act, 46 U.S.C. § 30104, et. seq. and/or the general maritime law.

18.

Plaintiff hereby requests a trial by jury on all issues raised herein.

**WHEREFORE**, after due proceedings had, Plaintiff, James Gracien, prays for judgment in his favor and against Defendants, Seacor Marine LLC, Falcon Global Offshore II LLC, and Talos Energy LLC, for compensatory damages in an amount reasonable under the circumstances of this cause, for all taxable costs and interest as allowed by law, and for all additional general and equitable relief to which Plaintiff may be entitled under the circumstances of this cause.

Respectfully submitted,

/s/ *Paul M. Sterbcow*
PAUL M. STERBCOW (#17817) (T.A.)
CONRAD S.P. WILLIAMS, III (#14499)
DAVID A. ABRAMSON (#21435)
BETH E. ABRAMSON (#27350)
JESSICA L. IBERT (#33196)
IAN F. TAYLOR (#33408)
Lewis, Kullman, Sterbcow & Abramson, LLC
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
Telephone: (504) 588-1500
Facsimile: (504) 588-1514
sterbcow@lksalaw.com
duke@lksalaw.com
abramson@lksalaw.com
babramson@lksalaw.com
jibert@lksalaw.com
itaylor@lksalaw.com

**PLEASE WITHHOLD SERVICE:**

**SEACOR MARINE LLC**

**FALCON GLOBAL OFFSHORE II LLC**

**TALOS ENERGY LLC**